IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| **TERRY STEIN, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 2021-cv-1380 |
| | ) | |
| **DÜRR SYSTEMS, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

**TO:  The Honorable Judges of the United States District Court for the Central District of Illinois, Peoria Division:**

Defendant DÜRR SYSTEMS, INC., ("Dürr"), by its undersigned counsel, hereby notifies this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 that it is removing the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit, McLean County, Illinois, No. 21 L 147, to the United States District Court for the Central District of Illinois, Peoria Division and, in support thereof, state as follows:

### I.     Background

1.   On November 9, 2021, Plaintiff, Terry Stein, Sr., filed his Complaint in the Circuit Court of McLean County, naming Dürr as the sole defendant.  *See* Service of Process Information Sheet and Complaint, attached as **Exhibit A**.  Plaintiff alleged that on July 17, 2020, he was injured at a manufacturing plant in Normal, Illinois, when a Dürr employee drove a vehicle onto his right foot causing severe injury. *See* **Ex. A,** Complaint at ¶¶3, 15.

2.   Defendant Dürr removes this matter on the basis of diversity jurisdiction.  Mr. Stein, the sole plaintiff, is a citizen of Illinois.  *Id***.** at ¶1.  Dürr, the sole defendant, is a corporation and citizen of Michigan.  *Id***.** at ¶5.

3. In addition to diversity of citizenship, there is a reasonable probability that the amount in controversy in this matter exceeds $75,000 given that Plaintiff claims severe injuries, and past and future medical expenses, pain and mental anguish, and lost wages.

4. Plaintiff effectuated service on Dürr on December 1, 2021.

5. Dürr has not yet answered or otherwise responded to the complaint.

## II. Removal is Proper in this Case

6. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The action may be removed pursuant to 28 U.S.C § 1441 because (a) removal is timely, (b) there is complete diversity of citizenship between the parties, (c) the amount in controversy requirement is satisfied, and (d) this Court is the proper venue.

### a. Removal is timely

7. A notice of removal must be filed within thirty days after the formal service of process on Dürr. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, (1999).

8. This removal is timely because it is filed within thirty days of service of process on Dürr. *See* **Ex. A**, Service of Process Information Sheet.

### b. Complete Diversity Exists

9. Plaintiff pleaded that at all relevant times he resided in Laura, Peoria County, Illinois. **Ex. A,** Complaint at ¶1. The Peoria County Tax Information web database indicates Plaintiff owns the residence at 19220 Keeler St, Laura, IL, 61451. *See* http://propertytax.peoriacounty.org/parcel/view/0122302001/2020 (last visited December 28, 2021); *see also* Image of Peoria County Tax Information web database, attached as **Exhibit B.**

10. Dürr is the sole defendant and is a Michigan Corporation with its principal place of business in Michigan. *See Id*. at ¶5; *see also* Illinois Secretary of State Corporation File Detail Report image showing Dürr is a foreign corporation from Michigan, attached as **Exhibit C.** Dürr, therefore, is a citizen of Michigan. 28 U.S.C. § 1332(c)(1).

11. Thus, complete diversity exists between the Plaintiff and the Defendant

    **c.**    **The Amount in Controversy Exceeds $75,000.00**

12. Plaintiff's claims satisfy the amount in controversy requirement set forth in 28 U.S.C § 1332(a).

13. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 553–54. Once the Defendants have established that the required amount in controversy is probable, only if it is legally impossible for Plaintiff to recover damages in excess of the jurisdictional requirements is federal jurisdiction precluded. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Oshama v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

14. While Dürr denies all liability in this matter and denies Plaintiff is entitled to damages in any amount, the amount in controversy in this matter exceeds $75,000. In his *ad damnum* clause, Plaintiff prays for a judgment against Dürr for a sum in excess of the jurisdictional requirements of the court. **Ex. A,** Complaint. In his Section 1-109 Certification section, Plaintiff's

counsel certified the total of money damages sought exceeds fifty thousand dollars (>$50,000.00). *Id*.   Further, Plaintiff is claiming money damages for severe injury, past and future medical expenses, past and future pain and mental anguish, and past and future lost wages and earnings. *Id*. at ¶¶16, 17, 18, 20.

15.    In light of the injuries and damages claimed, it is reasonably probable that the amount in controversy exceeds $75,000.00.

### d.    Venue Is Proper

16.    The United States District Court for the Central District of Illinois, Peoria Division is the federal judicial district embracing McLean County, Illinois and, therefore, venue for purposes of removal lies with this Court pursuant to 28 U.S.C. §1441(a).

### III.    The Procedural Requirements for Removal Have Been Satisfied

17.    A demonstrated above, this removal is timely, diversity jurisdiction exists as there is complete diversity of citizenship amongst the named parties in this case, and the amount in controversy is in excess of $75,000, exclusive of costs and interest.   Therefore, Dürr hereby removes this matter to the United States District Court for the Central District of Illinois, Peoria Division.

18.    Further, removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

19.    As stated, Dürr is the removing defendant and the only named defendant in this case, and thus consents.

20. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon the Defendant are included in Exhibits A. An unofficial copy of the state court Docket Sheet as of December 30, 2021 is also included as **Exhibit D**.

21. Prompt written notice of this Notice of Removal is being sent to all parties of record through counsel as well as to the Clerk of the Circuit Court of McLean County, Illinois, as required by 28 U.S.C. §1446(d). *See* **Exhibit E**.

22. By filing this Notice of Removal, Dürr is not waiving and expressly reserves the right to contest personal jurisdiction, venue and the sufficiency of the Amended Complaint at Law and the right to assert any defenses available to it under any state or federal law.

23. Defendants request a jury trial.

WHEREFORE, Defendant, DÜRR SYSTEMS, INC., respectfully gives notice that the above action, now pending against it in the Circuit Court of McLean County, Illinois, is removed to the United States District Court for the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: December 30, 2021

Respectfully submitted,

/s/   *Benjamin D. Lothson*

A. Jay Koehler (jkoehler@smbtrials.com)
Benjamin D. Lothson (blothson@smbtrials.com)
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-3551
(312) 321-0990 (fax)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2021, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to the following known counsel and parties of record in the underlying state court matter:

Scott E. Umland
JANSSEN LAW CENTER
333 Main Street, Peoria, IL 61602
Telephone: (309) 676-2341
UmlandS@JanssenLawCenter.com

/s/ *Benjamin D. Lothson*

Benjamin D. Lothson (blothson@smbtrials.com)
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-3551
(312) 321-0990 (fax)

*Attorneys for Defendant*